JUSTIN A. BRACKETT (HI Bar No. 9954)
1888 Kalakaua Avenue, Suite C-312
Honolulu, HI 96815
Telephone: (808) 377-6778
Email: justinbrackettlaw@gmail.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID VIRDEN, | ) CASE NO. 1:16-cv-207 |
| Plaintiff, | ) COMPLAINT FOR DAMAGES, |
| vs. | ) DECLARATORY, AND |
| | ) INJUNCTIVE RELIEF with |
| SUNRISE CREDIT SERVICES, INC., | ) VERIFICATION |
| Defendant. | ) JURY TRIAL REQUESTED |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq.

## JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. §§ 227 and 28 U.S.C. § 1331 (federal question jurisdiction).

3. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), by Defendant and its agents in their illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here, and Plaintiff resides here.

## PARTIES

5. Plaintiff, David Virden (hereinafter referred to as "Plaintiff" and/or "Mr. Virden"), is a resident of this State, District and Division who is authorized by law to bring this action.

6. Defendant SUNRISE CREDIT SERVICES, INC. (hereinafter referred to as "Defendant" or "SCS") is a New York for-profit corporation with its principal office located in Farmingdale, NY that regularly conducts business in the State of Hawai'i.

7. Defendant may be served by personal service upon its registered

agent, to wit: Sunrise Credit Services, Inc. c/o Marvin S.C. Dang, Finance Factors Center, 1164 Bishop Street, Suite 1530, Honolulu, HI 96813.

8. Other Defendants may be discovered in the course of litigation, and David Virden respectfully prays that the Court will permit the addition of later discovered parties upon motion.

### FACTS

9. Defendant uses mail in its business.

10. Defendant makes telephone calls in the course of its business.

11. Defendant uses a predictive dialer system.

12. The primary purpose of Defendant's business is the collection of debts.

13. Defendant regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

14. Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act and the Hawai'i Revised Statutes.

15. Before Defendant started contacting Mr. Virden, it and Mr. Virden had no prior business relationship and Mr. Virden had never provided express consent to Defendant to be contacted on his cellular telephone.

16. Defendant alleges that Mr. Virden incurred an obligation to pay

money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Haw. Rev. Stat. § 443B-1.

17. David Virden disputes being a party to the underlying debt.

18. The alleged debt was sold or otherwise transferred to Defendant for collection, when thereafter Mr. Virden received collection communications and was subjected to collection acts from Defendant, all in an attempt to collect said debt.

19. On several occasions, the exact dates of which will be discovered through discovery, Defendant willfully and knowingly used an automatic telephone dialing system to call Mr. Virden on his cellular phone.

20. Within the past twelve months, Defendant called Mr. Virden on his cellular phone to collect a debt.

21. Defendant's representatives harassed Mr. Virden by making incessant telephone calls to Mr. Virden's cellular telephone in an attempt to collect the debt.

22. In the course of attempting to collect a debt allegedly due to a business who is not a party to this litigation, Defendant initiated multiple communications that violated multiple provisions the FDCPA and the TCPA.

## *Collection Calls to Plaintiff*

23. As previously explained, Mr. Virden disputes owing the underlying account.

24. Mr. Virden disputes he ever provided his cellular telephone number to the original creditor or Defendant, and demands strict proof thereof.

25. Defendant, and the collectors employed by Defendant, repeatedly and willfully contacted Mr. Virden, on his cellular telephone number, in an effort to collect the debt allegedly owed. These calls were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26. Within the four years prior to the filing of this complaint, Defendant called Mr. Virden's cellular telephone multiple times.

27. Mr. Virden received at least 70 (seventy) calls from Defendant to his cellular telephone. These calls were placed by Defendant and received by Mr. Virden between October 2014 and August 2015.

28. On or around November 28, 2014, Mr. Virden spoke with a representative of Defendant.

29. When Mr. Virden spoke with Defendant's representative he explained they were calling his cellular telephone number and requested Defendant never call his cellular telephone number again.

30. In spite being requestd by him to cease all future calls to his cellular telephone, Defendant called Mr. Virden again and again, at least sixty-nine (69) more times.

31. In the calls, Defendant's automated system was used to harass Mr. Virden.

32. The calls from Defendant routinely appear on Mr. Virden's caller identification as originating from "415-649-6331", "415-649-6301", or "415-649-6281".

33. Mr. Virden is informed, and therefore asserts, that the telephone numbers "415-649-6331", "415-649-6301", and "415-649-6281"are telephone numbers of Defendant, or were active telephone numbers of Defendant when the calls were made.

34. Mr. Virden has never received a notice pursuant to 15 U.S.C. §1692g from Defendant.

35. Mr. Virden has complied with all conditions precedent to bring this action.

# CAUSES OF ACTION

## COUNT ONE: VIOLATIONS OF THE
## TELEPHONE CONUMER PROTECTION ACT

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT:
CALLS TO A PERSON'S CELLULAR TELEPHONE WITHOUT PERMISSION**

36. At all times relevant to this complaint, the Mr. Virden was and still is a person protected by the TCPA.

37. At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing system(s)" as defined by the TCPA sections 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

38. The TCPA prohibits the use of an "automatic telephone dialing system" when calling to a cellular telephone service. See 47 U.S.C. § 227(b)(1)(A).

### *Illegal Auto-Dialed Collection Calls*

39. Within the four year period immediately preceding the filing of this lawsuit, Defendant telephoned Mr. Virden's cellular telephone on at least seventy (70) occasions using an automatic dialing system.

40. None of these calls was for an emergency purpose, but instead were attempts to collect a consumer debt from Mr. Virden.

41. Mr. Virden never gave permission for either the original creditor or any debt collector to call his cellular telephone number, or any permission that may have been given to an original creditor was revoked by Mr. Virden in November 2014.

42. On or about November 28, 2014, and again around March 24, 2015, Mr. Virden spoke with a representative of Defendant and requested Defendant never call that cellular telephone number again.

43. Defendant continued to use its automatic telephone dialing system to call Mr. Virden after he requested that they stop. This demonstrates that these calls were willful and intentional.

44. Mr. Virden was harassed by Defendant whereby he received at least seventy auto-dialed collection calls from Defendant on his cellular telephone, at least sixty-nine of which were after he had requested they stop calling him.

45. Defendant willfully and knowingly violated the TCPA on multiple and separate (at least sixty-nine) occasions by each time calling Mr. Virden's cellular telephone using an automatic telephone dialing system without Plaintiff's prior express consent.

### *COUNT TWO: VIOLATIONS OF THE* *FAIR DEBT COLLECTION PRACTICES ACT*

FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: HARASSING, OPPRESIVE AND ABUSIVE CONDUCT BY DEFENDANT IN ITS ATTEMPT TO COLLECT A DEBT

46. The acts of Defendant constitute multiple violations of the FDCPA. Violations by Defendant of the FDCPA include, but are not limited to, the following: Any conduct the natural consequence of which is to harass, oppress or

abuse any person, which is a violation of 15 U.S.C. § 1692d.

47. In spite of Mr. Virden's conversation with Defendant's representative wherein he requested that Defendant stop calling him, they continued to have their automated dialer call Mr. Virden, often several times each week.

48. Defendant's collection calls to Mr. Virden are to his cellular telephone number.

49. Defendant's collection calls to Mr. Virden are numerous, repetitive, and exceptionally annoying.

50. The volume of the calls placed to Mr. Virden by Defendant in its attempts to collect a debt is conduct that rises to the level of harassment, oppression and/or abuse, and is in violation of the FDCPA.

51. The purpose of the FDCPA is to promote fair debt collection whereby debt collectors must be truthful, honest and show respect to the debtor.

52. The collection attempts by the Defendant in its various telephone calls, voicemails, and messages left for David Virden are attempts to harass, oppress or otherwise abuse him into payment of a unknown debt.

**SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FAILURE TO PROVIDE REQUISITE DISCLOSURES IN ITS ATTEMPTS TO COLLECT A DEBT, AS REQUIRED BY 15 U.S.C. § 1692g**

53. The acts of Defendant constitute violations of the FDCPA. Violations

of the FDCPA by the Defendant include, but are not limited to, the following: The failure to send the consumer a thirty-day validation notice within five days of the initial communication, which is a violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

54. Defendant called David Virden numerous times in the past year, but Mr. Virden has never received any of the requisite notices pursuant to 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), or 1692g(a)(5).

55. Defendant has never provided any validation of the debt or informed Mr. Virden of his rights to dispute the debt.

56. Defendant's collection tactics of calling Mr. Virden repeatedly before sending the requisite notices pursuant to 15 U.S.C. §§ 1692g-g(a)(5) and before ever validating the debt, were overshadowing of the disclosures required by 15 U.S.C. §1692g(a).

57. The procedures maintained (i.e., actually employed or implemented) by Defendant, if any, to avoid errors under the FDCPA, failed to protect the rights of Mr. Virden when the representatives of Defendant failed to provide numerous required disclosures pursuant to 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

# THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES <u>ACT:</u> <u>CAUSING A TELEPHONE TO RING REPEATEDLY</u>

58. The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the following: Causing Plaintiff's cellular telephone to ring repeatedly or continuously with intent to harass, annoy or abuse him, which is a violation of 15 U.S.C. §1692d(5).

59. David Virden has received an extraordinary number of calls from Defendant's representatives over the past year.

60. These repeated calls by Defendant are a form of harassment intended by Defendant to elicit fear and annoyance from Mr. Virden, and force him to pay an unvalidated debt.

*Summary*

61. The above-detailed conduct by Defendant and its agents in connection with collection of a consumer debt, was conduct in violation of numerous and multiple provisions of the TCPA and FDCPA including, but not limited to, the above-cited provisions.

62. Defendant is therefore liable to Mr. Virden for the negligent acts, errors, and/or omissions committed in violation of the Telephone Consumer Protection Act as well as the 69 willful and knowing violations of the TCPA by its ATDS and/or its collection employees.

63. Defendant is also liable to Mr. Virden for its intentional and negligent acts, errors and/or omissions committed in violation of various federal laws by its collection employees which include, but are not limited to, violations of the FDCPA.

64. As a result of Defendant's actions, Mr. Virden is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

65. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant and in favor of the Plaintiff as follows:

a) Declaratory judgment that Defendant violated David Virden's rights under the Telephone Consumer Protection Act;

b) An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3)

c) That Plaintiff be awarded statutory damages of $500.00 per call for each negligent violation of the Telephone Consumer Protection Act pursuant to 47 U.S.C. §227(b)(3)(B).

d) That Plaintiff be awarded statutory damages of $1,500.00 per call for each call found to be an willful and/or knowing violation of the Telephone Consumer Protection Act pursuant to 47 U.S.C. §227(b)(3)(C).

e) Declaratory judgment that Defendant violated David Virden's rights under the Fair Debt Collection Practices Act;

f) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

g) That Plaintiff be awarded statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

h) That Plaintiff be awarded the costs of litigation, including a reasonable attorney fee, pursuant to 15 U.S.C. §1692k(a)(3);

i) That the Court declare all defenses raised by Defendant to be insufficient; and

j) Such other and further relief, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted this the 2nd day of May, 2016.

*/s/ Justin A. Brackett*
Justin A. Brackett, #9954

Attorney for Plaintiff
1888 Kalakaua Avenue, Suite C-312
Honolulu, TN 96815
(808) 377-6778
[justinbrackettlaw@gmail.com](mailto:justinbrackettlaw@gmail.com)